[CHAMBERSBURG, OCTOBER, 1828.]

GALBREATH and others *against* RIFE, surviving Executor of RIFE.

### IN ERROR.

Testator devised all his property, real and personal, to his two sons, H. and D., subject to the payment of certain legacies, and made H. and D. executors. They filed an inventory, amounting to two thousand six hundred and thirty-one dollars and fourteen cents, and went into possession together of the property. H. sold some of the personal property: D., in less than a year, moved to.the western country. There was no sale by D., and the principal part of the property remained after D's. removal.

On an issue to try, whether part of the estate of the testator, amounting to ten thousand dollars, came into the hands of D., as surviving executor, and he was chargeable therewith, evidence on the part of the plaintiff, a legatee, is admissible to prove, that the defendant, D., is a creditor of the estate of H., his co-executor, (now deceased,) and the debt accrued by the transfer of the estate of the testator to H. by D., and that he claims to be first paid out of the funds of the testator.

ERROR to the Court of Common Pleas of *Adams* county. The plaintiffs in error were plaintiffs below.

*Fuller*, for the plaintiffs in error.

*Carothers, contra.*

The opinion of the court (HUSTON, J. dissenting,) was delivered by

ROGERS, J.—This was an issue directed by the Orphans' Court of *Adams* county, to try, "whether part of the estate of *Henry Rife*, Sen., deceased, amounting to the sum of ten thousand dollars, lawful money, &c., came to, and was then in the hands of the said *Daniel Rife*, as surviving executor of the last will and testament of *Henry Rife*, Sen., deceased, and that the said *Daniel Rife* was, and is legally chargeable with the said sum of ten thousand dollars, lawful money, so received, as part of the estate of *Henry Rife*, Sen., deceased."

*Henry Rife*, Sen., made his will, in which he bequeathed all his property, real, personal, and mixed, to his two sons, *Henry* and *Daniel*, subject to the payment of certain sums, devised to his widow, and also subject to the payment of all his legacies, of which legatees, the plaintiff was one, and made *Henry* and *Daniel* his executors. The executors proved the will, which was given in evidence, and also filed an inventory of the estate, amounting to two thousand six hundred and thirty-one dollars and fourteen cents. The plaintiff then proved, that *Henry* and *Daniel* went into possession of the property left by *Henry Rife*, Sen.: That *Henry* sold some of the personal estate, and that *Daniel* remained in the county of *Adams;* but that in less than a year, he removed to the western

(Galbreath and others *v.* Rife, surviving Executor of Rife.)

country: .That there was no public sale of the property, and no private sale by *Daniel;* and that the principal part of the old man's property was left after *Daniel* went away. They also proved, that *Daniel* and *Henry* held and used the property, one like the other, (in the language of the witness,) till *Daniel* moved away, just the same way they had done. The plaintiffs then offered to prove, that the defendant is a creditor of the estate of *Henry Rife,* Jr., who is deceased, his co-executor: That the debt accrued by the transfer of the estate of *Henry Rife,* Sen. to *Henry Rife,* Jr. by the present defendant, and he claims to be first paid out of the funds of *Henry Rife,* Sen., deceased. This testimony being objected to, was overruled by the judge, and its rejection is now assigned for error.

Does this testimony tend to prove the issue between the parties? *Henry Rife,* Jr., it appears, in his life time, had settled his administration account in the Orphans' Court, in which he had charged himself with the whole amount of the personal estate of his deceased father. His co-executor, *Daniel,* was also cited to settle his account, who alleged, that he was not accountable as executor, because, he said, he had received no part of the estate, and was, therefore, not legally accountable for it; but that the whole estate had been received by *Henry,* who had settled his account, and charged himself with it. It was to try these disputed facts that this issue was directed. It appears to me, that the evidence offered, was not only competent, but was evidence of the highest nature. It tends to prove, not only that *Daniel* had received part of the personal estate left to him by the will, but that he had exercised the highest right of ownership, by selling it to his brother *Henry:* That he had taken a judgment bond for the amount of the sale, and that he now claimed to be first paid out of the funds of the estate of *Henry Rife,* Sen. It has been urged, that the legatees have the estate of *Henry* bound for their claims; that it is fully solvent; and that they should first look to that for payment. It is denied, that *Henry's* estate is solvent; but whether it be so or not, is not material; because, if *Daniel* received part of this estate, as executor, he is bound to the legatees for the amount so received; and that is the very matter which this issue is directed to ascertain. The legatees have two securities for their claims, and they are not bound to look to one only. They may, if they choose, proceed against *Daniel,* and *Daniel* cannot shift the matter off himself, by saying, that although true it is, I received my share of the personal estate, yet I have disposed of it to my co-executor, and you must proceed against his estate for your claim. If *Daniel* has received part of the personal estate, which he afterwards sold, he is liable to the legatees for the amount so received. In the rejection of the testimony, we think there is error, and that the judgment be reversed, and a *venire facias de novo* awarded.

HUSTON, J.—The same parties were plaintiffs and defendants in the Court of Common Pleas and in this court. It was a case sent

(Galbreath and others *v.* Rife, surviving Executor of Rife.)

by the Orphans' Court of *Adams* county; and the Court of Common Pleas, with appearance of reason, say, they can hardly see the object of the plaintiffs.

The facts proved were, that *Henry Rife,* Sen. made *Henry Rife,* Jr. . and *Daniel Rife* the executors and devisees of his estate, real and personal, subject to certain legacies to a considerable amount. The executors made no vendue. The proof was, that *Daniel* never sold any of the property, or collected any debt; but, that *Henry* did sell and collect money, and settled his account, charging himself with all the personal property. *Daniel* lived with *Henry*, and to all appearance, the property was in possession of both, until his removal to the western country, soon after his father's death, and he never sold or took any of it away. He was cited to settle his account, and attempted to be charged again with the whole of the personal property; and this issue was to ascertain whether he was liable. It was proved, that *Henry* had paid off a great part of the legacies, and there was no proof, that his estate (for he is dead,) was not sufficient to pay the remaining legatees, and the debts are all paid. It was under these circumstances the court said they could not see the object of the suit.

The defendants offered to prove, that *Daniel* sold his interest in the real and personal estate of his father to *Henry*, and that *Henry* had not, in his life time, paid the amount promised to *Daniel;* and that *Daniel* claims to be a creditor of *Henry's* estate, and be first paid out of the estate of *Henry.* The court rejected this evidence, and this is the error alleged. And the ground alleged is, that *Daniel*, selling his interest, had taken it into possession, and rendered himself liable.

I think the court right; because, *Daniel* sold as devisee, the part devised to him. It was not an act as executor, because it was proved, that *Henry* had paid a large part of the legacies, and has all the land yet; because it would be settling a matter between *Daniel* and *Henry's* representatives, and *Henry's* heirs were not before the court; and last, and not least, because finding *Daniel* liable for this personal estate, in this stage of the business, would be calculated to work manifest injustice, and, I am afraid, it is intended expressly for that purpose. Courts ought always to do justice, if possible, and our courts have equitable powers enough to prevent forms of law from producing plain unfairness.

By all on the record, and all the statements of the counsel, the real estate in the hands of *Henry's* representatives, is liable for these legacies, and from *Henry's* estate they ought to be paid. Why then, was not *Henry's* estate resorted to ? Did his representatives procure the other legatees to institute this procedure to shield themselves and oppress *Daniel?* A court of equity would order an account to be taken, and the legacies to be paid out of *Henry's* estate, if solvent, and reserve the question as to *Daniel's* liability

(Galbreath and others *v.* Rife, surviving Executor of Rife.)

for further order; but, would never permit *Daniel's* estate to be sold to pay, and then turn him round to sue *Henry's* representatives. To be sure, the legacies have a preference, being a lien on the lands in the hands of *Henry's* heirs; and whether *Daniel* can recover any thing, and what, is not trying here. I am alone in the opinion I give; and it is, I believe, because I view the facts in a different light from my brethren. I think I see them as they appeared to the judge who tried the cause; and as a general rule, he having a better opportunity, is more likely to have understood them correctly, than this court; for it has happened, that a cause was presented here in a point of view different from that exhibited below.

The facts are not fully before us. It seems, young *Henry* filed an account of his administration, and charged himself with all the personal estate of his father. We know, too, that he paid off a great part of the legacies, and all the debts; but we are left to conjecture whether he applied the whole personal estate in paying debts and legacies. If he did, there is an end of the question; for if they are accounted for by one executor, that is all sense or law requires. No matter how many are bound to account; if one accounts, and has paid, the others are discharged. I repeat, I do not see the object of this suit, nor do I think they ought to have tried, or could try, the dispute between *Daniel* and *Henry's* heirs in this cause; and in that view of it, the court, as I think, rightly rejected the evidence.

Judgment reversed, and a *venire facias de novo* awarded.