FILED
United States Court of Appeals
Tenth Circuit

**March 3, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASON PECCI,

　　　　Petitioner - Appellant,

v.

BRIGHAM SLOAN, Warden, BCCF;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

　　　　Respondents - Appellees.

No. 10-1463
(D.C. No. 1:08-CV-01235-ZLW)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

　　　　Petitioner-Appellant Jason Pecci, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

denial of his application for a writ of habeas corpus.  28 U.S.C. § 2254.  For this

court to issue a COA on a habeas claim denied on the merits, Mr. Pecci must

make a "substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), which requires him to demonstrate that "reasonable jurists would

find the district court's assessment of the constitutional claims debatable or

wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For a habeas claim

denied on procedural grounds, Mr. Pecci must show "that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Id. Because we conclude that Mr. Pecci has failed to make a substantial showing of the denial of a constitutional right, we deny a COA and dismiss the appeal.

Background

Mr. Pecci was charged with one count of first degree murder and one count of felony menacing for the April 1, 2001 fatal shooting of Marc Bender, who was allegedly romantically involved with Mr. Pecci's wife. R. 520-21. Mr. Pecci pleaded guilty to an amended count of second degree murder, a class 2 felony, in exchange for the state's dismissal of the felony menacing charge. Id. at 521. The sentencing range for second degree murder was 16 to 48 years, and Mr. Pecci was sentenced to 48 years, with 5 years parole. Id. Mr. Pecci appealed his sentence to the Colorado Court of Appeals, arguing that the sentencing court abused its discretion by imposing the maximum sentence despite several mitigating factors. Id. at 36-58. The Colorado Court of Appeals affirmed the sentence, and the Colorado Supreme Court denied Mr. Pecci's petition for a writ of certiorari. Id. at 61-65, 81. The state trial court denied Mr. Pecci's Motion for Reconsideration of Sentence under Colo. R. Crim. P. 35(b). Id. at 522.

Mr. Pecci filed a motion for postconviction relief pursuant to Colo. R.

Crim. P. 35(c) in state trial court on June 7, 2005, arguing that counsel's alleged failure to investigate a provocation defense constituted ineffective assistance of counsel and that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to ensure an adequate factual basis. 2 R. 144-160. The trial court denied the petition without a hearing on September 13, 2005, and the Colorado Court of Appeals affirmed on December 6, 2007. Id. at 423-29; R. 110-27. Mr. Pecci filed a Petition for Rehearing on July 24, 2008 before the Colorado Court of Appeals, but the court refrained from considering the petition. R. 131, 192. The Colorado Supreme Court denied Mr. Pecci's petition for a writ of certiorari on May 12, 2008. Id. at 148.

Mr. Pecci filed a second Colo. R. Crim. P. 35(c) motion in state trial court on September 15, 2008 and a request for deposition discovery on December 15, 2008. 2 R. 494-95. On February 20, 2009, the state trial court denied the Rule 35(c) motion and the deposition request as successive, as it was unable to discern any legal allegation or legal ground that was not previously asserted, or available for assertion, in the prior Rule 35(c) proceedings. Id. Mr. Pecci appealed, but the Colorado Court of Appeals held that the appeal was not timely filed on May 4, 2009. Id. at 534-35.

Mr. Pecci filed his federal petition raising three claims, each with multiple subparts. R. 5-14. The district court dismissed all of claims two and three and part of claim one for lack of exhaustion. Id. at 190-92, 214, 539. Mr. Pecci

requested a partial stay and abeyance to exhaust his unexhausted state claims, but the district court denied the request. Id. at 214. In the alternative, Mr. Pecci requested that the court proceed only with the exhausted claims. R. 207, 214. We interpret this as amending his petition to delete the unexhausted claims. See Harris v. Champion, 48 F.3d 1127, 1131 (10th Cir. 1995) (citing Rose v. Lundy, 455 U.S. 509, 520 (1982)). Accordingly, the district court addressed only the exhausted subparts of claim one. R. 527. The court read the allegations to state that Mr. Pecci received ineffective assistance of counsel because counsel failed to adequately investigate a possible provocation defense by (1) failing to obtain ballistics testing to determine the distance between Mr. Pecci and the victim at the time of the shooting and (2) failing to obtain a psychological evaluation of Mr. Pecci. Id. at 525. The district court rejected both of these claims on the merits.

On appeal, Mr. Pecci argues that he is entitled to discovery and a hearing which would establish that both trial and post-conviction counsel were ineffective. Aplt. Br. at 1-4. Specifically, Mr. Pecci would like to delve further into the circumstances of the offense and his counsel's representation. Of course, Mr. Pecci cannot claim ineffective assistance or incompetence of post-conviction counsel. 28 U.S.C. § 2254(i).

Discussion

To demonstrate that his plea counsel was ineffective, Mr. Pecci is required to show (1) deficient performance, and (2) prejudice, meaning a reasonable probability that but for counsel's errors, he would have gone to trial. See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). The state court of appeals rejected Mr. Pecci's ineffective assistance of counsel claims, ruling that an evidentiary hearing was unnecessary. R. 110-123. Specifically, the court held that (1) counsel was not deficient for not consulting a forensic psychologist because counsel was aware of Mr. Pecci's emotional state at the time of the shooting and (2) counsel was not deficient for not consulting a ballistics expert because counsel had information from eyewitnesses and investigation officers concerning the distance at which Mr. Pecci shot the victim. Id. 117-118. In addition, the court held that Mr. Pecci failed to show that he would have gone to trial if counsel had further investigated the circumstances surrounding the shooting. Id. at 123.

When a state court resolves a federal claim on the merits, our review of the result is deferential and state court findings are presumed correct. 28 U.S.C. § 2254(d) & (e)(1); Williams v. Taylor, 529 U.S. 362, 405-07, 410-11 (2000). We do not think that the district court's deference to the state court's resolution of Mr. Pecci's ineffective assistance of counsel claims is reasonably debatable. Though Mr. Pecci would like to discover additional evidence that would support

- 5 -

his claims, federal post-conviction review is limited and the existing facts amply support the state court's resolution of the ineffective assistance of counsel claims.

Accordingly, we DENY Mr. Pecci's request for a COA, DENY IFP, and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge