Anthony Jerome HARRIS,
Petitioner–Appellant,

v.

Ron CHAMPION, Warden; Attorney General; Steve Hargett; Stephen Kaiser; Bobby Boone; Dan Reynolds; Joy Hadwiger; Michael Cody; Edward Evans, Jr.; Jack Cowley; Neville Massie; H.N. Scott; Sue Frank; Denise Spears; Earl Allen; Jim Sorrels; Oklahoma Court of Criminal Appeals; Honorable James F. Lane; Honorable Gary L. Lumpkin; Honorable Thomas Brett; Honorable Ed Parks; Honorable Charles A. Johnson; Oklahoma Indigent Defense Systems (OIDS); Henry A. Meyer, III, also known as Hank Meyer; Richard Reeh; Doug Parr; Richard James; Becky Pfefferbaum, M.D.; Patti Palmer; E. Alvin Schay, Respondents–Appellees,

Oklahoma Criminal Defense and National Association of Criminal Defense Lawyers, Amicus Curiae.

No. 93–5191.

United States Court of Appeals,
Tenth Circuit.

Sept. 27, 1994.

Susan M. Otto, Federal Public Defender, Oklahoma City, OK, for petitioner-appellant.

Susan B. Loving, Atty. Gen. of Oklahoma, Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, OK, for Warden respondents-appellees.

John M. Imel, John E. Rooney, Jr. of Moyers, Martin, Santee, Imel & Tetrick, Tulsa, OK, and Gail L. Wettstein, Oklahoma City, OK, for the Oklahoma Court of Cr. Appeals respondents-appellees.

Before BRORBY, LOGAN, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

On September 8, 1993, petitioner filed the present appeal from the district court's order

of August 10, 1993, denying petitioner habeas relief on his claim that his due process rights were violated by delays in adjudicating his direct criminal appeal in Oklahoma state court.[1] At the time the district court entered its August 10 order, additional habeas claims of petitioner were still pending before the district court. In disposing of this appeal, we take judicial notice that a new district court judge was assigned to the case after the August 10 order was entered, and that the new judge entered an order on March 29, 1994, dismissing petitioner's remaining habeas claims for failure to exhaust. Petitioner has not appealed the entry of that order to date.

In light of the district court's ruling of March 29, it appears that petitioner's habeas petition presented both exhausted and unexhausted claims. The Supreme Court has held that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Therefore, rather than addressing the merits of plaintiff's exhausted due process claim arising from delay in adjudicating his direct criminal appeal, the district court should have either dismissed that claim, along with the unexhausted claims, or given petitioner an opportunity to resubmit his habeas petition raising only the exhausted claim. *See id.* at 520, 102 S.Ct. at 1204. We note that the district court has already addressed the third alternative, which involves considering whether petitioner's claims would be procedurally barred if he returned to state court and, if so, determining whether petitioner can show cause and prejudice to avoid the procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.*, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991); *Harris v. Champion*, Nos. 90–C–448–E & 90–C–475–E, Order of March 29, 1994, at 10–12 (N.D.Okla.1994) (unpublished order).

We therefore VACATE the judgment of the United States District Court for the Northern District of Oklahoma entered August 10, 1993, and REMAND the action to the district court with directions to determine the status of petitioner's unexhausted claims and, if those claims remain unexhausted, either to dismiss petitioner's due process claim relating to appellate delay or to permit petitioner to refile his habeas petition asserting only his exhausted claim.

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.