62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Solomon BROADUS, Jr., Petitioner-Appellant,
v.
Jack COWLEY and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 Nos. 94-5054, 94-5073, 94-5095.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before MOORE, SETH, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Solomon Broadus, aka Sulayman Ansar Rahim, appeals from the district court's rulings on two petitions for habeas corpus. Broadus, at all times proceeding pro se, filed a habeas petition in the Eastern District of Oklahoma in September of 1992 (Petition I). The case was transferred to the Northern District in February of 1993. In Petition I, Broadus alleged unconstitutional delay by the Oklahoma Court of Criminal Appeals (OCCA) in determining his direct criminal appeal, contended he should be excused from exhausting his state remedies, and alleged that his criminal sentence was improperly enhanced based on invalid prior convictions. The government moved to dismiss Petition I based on Broadus' alleged failure to exhaust state remedies.
 
 
 3
 Broadus filed a second habeas petition with the Northern District of Oklahoma in December of 1993 (Petition II), alleging only unconstitutional delay by the OCCA in determining his direct criminal appeal. Petition II was originally consolidated with others pursuant to this court's opinion in Harris v. Champion, 938 F.2d 1062, 1073 (10th Cir.1991)(Harris I ), but the district court subsequently severed Broadus' case from the Harris litigation. Broadus objected to the severance and moved to amend Petition II to add other, non-delay claims. The government again moved to dismiss based on an alleged failure to exhaust state remedies.
 
 
 4
 In December of 1993, before disposing of Petition I, the district court ruled on Petition II. It denied Broadus' motion to amend Petition II, noting that Petition I was pending and alleged non-delay claims. The court then ruled on the delay claim in Petition II, denying it solely on the basis that Broadus' direct criminal appeal had been decided by the OCCA. In March 1994, the district court then ruled on Petition I, dismissing his non-delay claims for failure to exhaust state remedies and rejecting Broadus' arguments that he should be excused from the exhaustion requirement. Broadus appealed from these district court orders.
 
 
 5
 Our jurisdiction over these appeals arises from 28 U.S.C. 2253. We construe Broadus' pro se pleadings liberally, as required by Haines v. Kerner, 404 U.S. 519, 520 (1972). We reverse and remand these cases for further consideration.
 
 
 6
 In Harris v. Champion, 48 F.3d 1126 (10th Cir.1994)(Harris III ), this court remanded a habeas case to the district court where that court had denied a due process claim based on delays in adjudicating the petitioner's direct criminal appeal, but had, in a later order, dismissed the remainder of the petitioner's claims for failure to exhaust state remedies. Citing Rose v. Lundy, 455 U.S. 509, 522 (1982), this court noted that the district court was required to dismiss entirely a mixed habeas petition, that is, a habeas petition containing both exhausted and unexhausted claims. This court instructed that "rather than addressing the merits of plaintiff's exhausted due process claim arising from delay in adjudicating his direct criminal appeal, the district court should have either dismissed that claim, along with the unexhausted claims, or given petitioner an opportunity to resubmit his habeas petition raising only the exhausted claim."[2] Harris III, 48 F.3d at 1127.
 
 
 7
 In this case, faced with two separate habeas petitions from the same petitioner, it appears that the district court accomplished indirectly what we held to be impermissible within the confines of a single habeas petition, namely a decision on the merits of Broadus' delay claim,[3] and a dismissal of the remaining non-delay claims for failure to exhaust. As this court explained in Harris v. Champion, 48 F.3d 1127, 1131 (10th Cir.1995)(Harris IV ):
 
 
 8
 [A] habeas petitioner ordinarily cannot proceed on a petition that raises both exhausted and unexhausted claims.... Of course, if appellant had wished to pursue in federal court only his appellate delay claim, for which exhaustion has been excused, he could have done so, either by amending his petition prior to dismissal to delete his unexhausted claims, or by submitting a new petition raising only his appellate delay claim after the district court dismissed his first petition.
 
 
 9
 Accordingly, the judgments of the United States District Court for the Northern District of Oklahoma in these cases are REVERSED and the cases REMANDED to the district court with instructions to consolidate the two habeas petitions and to further consider Broadus' claims in light of our previous Harris opinions, Rule 9(b) of the Rules Governing Section 2254 Cases regarding successive petitions, and Broadus' contentions regarding the requirement that he exhaust his state remedies.[4]
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The court noted another alternative, already addressed by the district court in that case: the determination whether claims would be procedurally barred by the state and whether the petitioner could show cause and prejudice to avoid that bar. Harris III, 48 F.3d at 1127
 
 
 [3]
 The district court denied Broadus' delay claim, stating that "habeas corpus relief based solely on previous inordinate delay is unavailable where the state appellate court has rendered a decision affirming the conviction." This court's previous opinions in the Harris litigation make clear that a cause of action based on appellate delay is still available after an appellate decision is filed, but only if "the petitioner can show actual prejudice to appeal, itself, arising from the delay." Harris v. Champion, 15 F.3d 1538, 1566 (10th Cir.1994)(Harris II )(footnote omitted). We note, however, that Broadus' delay claim appears to be frivolous under those standards
 
 
 [4]
 For the first time, on appeal to this court, Broadus contends that he filed post-conviction proceedings in two of his three prior convictions and that it would be futile to file in the third because his time for doing so has lapsed. In light of these and similar contentions, the district court may wish to reexamine whether Broadus has exhausted his non-delay claims. See Harris III, 48 F.3d at 1127