Anthony Jerome **HARRIS**,
Petitioner–Appellant,

v.

Ron **CHAMPION**, Warden; Attorney General; Steve Hargett; Stephen Kaiser; Bobby Boone; Dan Reynolds; Joy Hadwiger; Michael Cody; Edward Evans, Jr.; Jack Cowley; Neville Massie; H.N. Scott; Sue Frank; Denise Spears; Earl Allen; Jim Sorrels; Oklahoma Court of Criminal Appeals; Honorable James F. Lane; Honorable Gary L. Lumpkin; Honorable Thomas Brett; Honorable Ed Parks; Honorable Charles A. Johnson; Oklahoma Indigent Defense Systems (OIDS); Henry A. Meyer, III, also known as Hank Meyer; Richard Reeh; Doug Parr; Richard James; Becky Pfefferbaum, M.D.; Patti Palmer; E. Alvin Schay, Respondents–Appellees,

Oklahoma Criminal Defense, and National Association of Criminal Defense Lawyers, Amicus Curiae.

No. 93–5191.

United States Court of Appeals, Tenth Circuit.

Feb. 21, 1995.

---

Susan M. Otto, Federal Public Defender, Oklahoma City, OK, for petitioner-appellant.

Susan B. Loving, Atty. Gen., Oklahoma, Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, OK, for Warden respondents-appellees.

John M. Imel, John E. Rooney, Jr., of Moyers, Martin, Santee, Imel & Tetrick, Tulsa, OK, Gail L. Wettstein, Oklahoma City, OK, for Oklahoma Court of Criminal Appeals respondents-appellees.

Before BRORBY, LOGAN, and EBEL, Circuit Judges.

## ORDER

EBEL, Circuit Judge.

This matter comes before the court on appellant's petition for rehearing and suggestion for rehearing in banc, as well as the warden appellees' petition for rehearing. In our decision of September 27, 1994, we concluded that because the district court ultimately determined that appellant's habeas petition was a mixed petition, presenting both exhausted and unexhausted claims, it should have dismissed the entire petition, rather than dismiss only the unexhausted claims and adjudicate the exhausted claim.[1]

Therefore, we vacated the district court's ruling on the merits of appellant's due process claim based on delay in adjudicating his direct criminal appeal and remanded the action to the district court. We directed the district court to determine whether appellant's previously unexhausted claims had since been exhausted and, if not, to dismiss appellant's appellate delay claim and to permit appellant to refile his habeas petition asserting only his exhausted appellate delay claim if he so desired.

In his rehearing petition, appellant argues that this court's opinion in *Harris v. Champion,* 938 F.2d 1062 (10th Cir.1991) (*Harris I*) permitted him to maintain unexhausted claims in federal court and that our decision of September 27 placed him in the same position he occupied before our decision in *Harris I.* Appellant also contends that we misunderstood the basis of the district court's determination that his other habeas claims were not properly exhausted in state court.

In their rehearing petition, the warden appellees contend that this court erroneously required appellant to exhaust all his other habeas claims before proceeding on his appellate delay claim. Like appellant, appellees also contend that we erroneously placed

appellant back where he started many years ago in federal court, thereby exacerbating the delay appellant has already suffered. Finally, appellees state that if appellant were permitted to proceed on his appellate delay claim, they would not seek to dismiss a subsequent habeas petition as an abuse of the writ if it challenged appellant's conviction and sentence on grounds other than state appellate court delay. *See* Rule 9(b), Rules Governing Section 2254 Cases.[2]

In considering the parties' arguments, we begin by noting that our opinion in *Harris I* did not excuse appellant's failure to exhaust his claims based on trial errors. Rather, we directed the district court on remand to determine whether delays in adjudicating appellant's state appeal "so impair his ability to raise his claims of unconstitutional trial error that he should be excused from exhausting his state appeal as to those trial claims before they too may be heard on their merits by the federal court." *Harris I,* 938 F.2d at 1069.

In its order of March 29, 1994, the district court determined that, because appellant never presented to the state appellate court the non-delay claims he sought to pursue in federal court, the delay in adjudicating appellant's direct criminal appeal was not responsible for his failure to exhaust those claims. Therefore, the court refused to excuse exhaustion.

Because appellant has not appealed the district court's dismissal of his non-delay habeas claims for failure to exhaust, the propriety of that decision is not before us. We must accept as law of the case the district court's determinations that, with the exception of the appellate delay claim, appellant's habeas claims were not properly exhausted in state court, and that further resort to state court on those claims would not be futile.

---

1. Our decision of September 27, 1994, was originally issued as an unpublished order and judgment. On the court's own motion, that decision has since been authorized for publication.

2. Rule 9(b) provides:
   A second or successive petition may be dismissed if the judge finds that it fails to allege

new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

■ Contrary to appellees' contention, our September 27 ruling did not *require* appellant to exhaust all his other habeas claims before proceeding on his appellate delay claim. Rather, our decision simply acknowledged that a habeas petitioner ordinarily cannot proceed on a petition that raises both exhausted and unexhausted claims. We held that because the district court dismissed appellant's other habeas claims for failure to exhaust, it should have dismissed appellant's exhausted appellate delay claim, as well. *See Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").[3] Of course, if appellant had wished to pursue in federal court only his appellate delay claim, for which exhaustion has been excused, he could have done so, either by amending his petition prior to dismissal to delete his unexhausted claims, or by submitting a new petition raising only his appellate delay claim after the district court dismissed his first petition. *See id.* at 520, 102 S.Ct. at 1204.

■ Ordinarily, a habeas petitioner who abandons his unexhausted claims and proceeds on his exhausted claims risks that the state will move under Rule 9(b) to dismiss any subsequent habeas petition raising the previously unexhausted claims as an abuse of the writ.[4] *See Rose,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05. A habeas petitioner who seeks relief in federal court from inordinate delay in the state court's adjudication of his direct appeal need not risk a Rule 9(b) motion, however. He can avoid a Rule 9(b) problem and still have his appellate delay claim heard in federal court simply by raising all of his available federal claims in the habeas petition that he files seeking relief from the appellate delay. So long as the petitioner also has raised all these non-delay claims to the state court in his direct criminal appeal, the federal court can excuse the petitioner's failure to exhaust those claims if it determines that the delay in adjudicating the petitioner's appeal has been inordinate and unjustified.[5] A delay sufficient to support an affirmative claim that the petitioner's direct

3. The rule in *Rose* is not absolute. If a federal court that is faced with a mixed petition determines that the petitioner's unexhausted claims would now be procedurally barred in state court, "there is a procedural default for purposes of federal habeas," *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991). Therefore, instead of dismissing the entire petition, the court can deem the unexhausted claims procedurally barred and address the properly exhausted claims. Here, the district court specifically found that avenues of relief still existed in state court and, therefore, declined to treat appellant's unexhausted claims as procedurally barred.

Another instance in which a court need not dismiss a mixed petition is when the state fails to raise the issue of exhaustion and the court determines that "the interests of comity and federalism will be better served by addressing the merits [of any unexhausted claims] forthwith [than] by requiring a series of additional ... proceedings before reviewing the merits of the petitioner's claim," *Granberry v. Greer,* 481 U.S. 129, 134, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). In such a situation, the court can hear the merits of the unexhausted claims rather than dismiss the petition.

4. Here, appellees have represented that if appellant were to proceed on his appellate delay claim, alone, they would not file a Rule 9(b) motion to dismiss a subsequent petition that raised claims not based on state appellate court delay. Rule 9(b) serves many interests besides

those of the state, however. This fact has led at least one circuit court to hold that the state cannot stipulate to the rule's unenforcement. *Thigpen v. Smith,* 792 F.2d 1507, 1513–15 (11th Cir.1986). Similarly, two other circuit courts have held that a district court can raise the issue sua sponte, so long as it gives the petitioner notice and an opportunity to respond before dismissing a petition as an abuse of the writ. *Williams v. Whitley,* 994 F.2d 226, 231–32 (5th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 608, 126 L.Ed.2d 572 (1993); *United States v. Fallon,* 992 F.2d 212, 213 (8th Cir.1993). We express no opinion as to whether appellees' agreement not to raise abuse of the writ would necessarily preclude a court from applying the doctrine to a second petition that would ordinarily be subject to dismissal under Rule 9(b).

5. Because most claims for ineffective assistance of trial counsel are not appropriate for review on direct appeal, *see Brecheen v. Reynolds,* 41 F.3d 1343, 1363–64 (10th Cir.1994); *Beaulieu v. United States,* 930 F.2d 805, 806–07 (10th Cir.1991), we will not require a habeas petitioner who files a federal habeas petition seeking relief from the delay in adjudicating his direct appeal to include in that petition any claim for ineffective assistance of trial counsel that he may have, so long as the ineffective assistance claim is not one that the petitioner could have properly raised on direct appeal, *see Beaulieu,* 930 F.2d at 807 (discussing "narrow subcategory of ineffective assistance claims" that can be raised on direct ap-

appeal has been unconstitutionally delayed ordinarily will also be sufficient to excuse exhaustion of the petitioner's underlying claims of unconstitutional trial error. Exhaustion cannot be excused, however, unless the claims have been raised on the petitioner's direct state appeal and in his federal habeas action.

Inordinate and unjustified delay by the state in adjudicating a direct criminal appeal can " 'make the state process ineffective to protect the petitioner's rights.' " *Harris v. Champion,* 15 F.3d 1538, 1555 (10th Cir.1994) (*Harris II* ) (quoting *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir.1986)). In *Harris II,* we held that if the state process has proved to be ineffective in providing the petitioner with a timely appeal, the federal court can remedy this problem in one of two ways. The court can either excuse the petitioner's failure to exhaust his state court remedies and decide the merits of the petitioner's federal claims itself, *id.* at 1556–57, or it can determine that the petitioner's due process rights have been violated by the unconstitutional delay in resolving his appeal and send the case back to the state court for a prompt resolution of the petitioner's state appeal through the use of a conditional writ of habeas corpus, *id.* at 1566–67.

■ We also established a rebuttable presumption that the state appellate process will be deemed ineffective if the state has been responsible for a delay of more than two years in adjudicating the petitioner's direct criminal appeal. *Id.* at 1556. Thus, we held that a federal court ordinarily can excuse exhaustion and hear the merits of the petitioner's federal claims if the petitioner's direct appeal has been delayed more than two years by the state. *Id.* at 1556–57. We also held that if the delay is sufficiently excessive, it may give rise to a presumption of prejudice that will establish a separate due process violation for the delay in resolving the peti-

tioner's direct appeal, but that otherwise, the petitioner must make a particularized showing of actual prejudice. *Id.* at 1564–65. We did not, however, establish at what point prejudice because of appellate delay will be presumed. Our experience since *Harris II* now leads us to hold that a presumption of such prejudice will arise when delay in adjudicating the appeal attributable to the state exceeds two years. As in the exhaustion context, this presumption is a rebuttable one. *See id.* at 1556. Under appropriate circumstances, the district court may apply the more fact specific analysis set forth in *Harris II,* 15 F.3d at 1554–56, either to find prejudice at an earlier stage or to find the absence of prejudice even under circumstances of substantially greater appellate delay. Thus, we use the same time reference to presume (i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay.[6]

■ Whether the district court chooses to adjudicate the merits of the petitioner's federal claims of trial error itself or to grant a conditional writ of habeas corpus, requiring the state either to resolve the petitioner's direct appeal within a specified time or release the petitioner, is a matter left to the sound discretion of the district court. In exercising that discretion, the district court should consider various jurisprudential factors, including whether the merits of the federal claims are easily resolvable by the federal court or whether they appear complicated or intertwined with state issues, and whether a pattern of cases suggests that the state is failing to fulfill its duty "to provide an 'adequate and effective' direct criminal appeal to its . . . criminal defendants," *id.* at

---

peal). If the ineffective assistance claim is one that could have been raised on direct appeal, then the petitioner must have raised it in state court and in his initial federal habeas petition to avoid a subsequent Rule 9(b) problem.

**6.** This presumption of prejudice to the petitioner does not alter our holding in *Harris II,* 15 F.3d at

1566, that a petitioner whose conviction is affirmed on direct appeal "is not entitled to habeas relief based solely on delay in adjudicating his or her appeal, unless the petitioner can show actual prejudice to the appeal, itself, arising from the delay."

1557 (quoting *Griffin v. Illinois*, 351 U.S. 12, 20, 76 S.Ct. 585, 591, 100 L.Ed. 891 (1956)).

■ If the district court decides not to resolve the underlying federal claims of trial error, but rather grants a conditional writ, and if the state then resolves the petitioner's appeal within the specified time but does not grant the petitioner all the relief he seeks, the petitioner can then return to federal court with a second habeas petition that raises the issues he raised in his first federal habeas petition, without running afoul of either *Rose v. Lundy* or Rule 9(b). Because the issues will have been exhausted in state court, the petition will not be mixed. Further, because the issues will have been raised in the earlier petition but not adjudicated on the merits, the petition will not be either abusive or successive. *See Watkins v. Champion*, 39 F.3d 273, 275 (10th Cir.1994) ("[I]f a habeas petition reasserts a claim that was previously raised ... but never decided on the merits ..., it is neither successive nor abusive.").

All of the foregoing assumes that the petitioner has raised in his direct criminal appeal all of the issues he seeks to raise in his first federal habeas petition. If, however, the petitioner attempts to raise issues in his federal petition that are or were not raised in state court, we do not reach the same result.

■ Delay by the state in adjudicating a petitioner's direct criminal appeal can be deemed responsible for the petitioner's failure to exhaust only those claims that he has raised in the direct state appeal. Therefore, if the petitioner raises claims in his federal habeas petition that he has not raised in state court, delay in adjudicating his state appeal cannot excuse his failure to exhaust such claims, and his petition will be a mixed one. Absent a determination by the federal court that the claims not raised in state court would now be procedurally barred, *see Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111

S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991), or that the interests of comity will be better served by hearing the merits of those claims, *see Granberry v. Greer*, 481 U.S. 129, 134, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987), the petitioner will be faced with a choice of either having his entire petition dismissed as a mixed one, or abandoning those claims that he did not raise in state court and pursuing only those for which exhaustion can be excused. *See Rose*, 455 U.S. at 520, 522, 102 S.Ct. at 1204, 1205. If the petitioner chooses the latter course, he then risks that a future federal petition raising the previously abandoned claims will be dismissed as an abuse of the writ.[7]

Appellant, here, failed to raise before the state court all the claims he tried to pursue in federal court. The district court ruled that some of appellant's claims were not properly exhausted, that such claims would not be procedurally barred, and that appellant's failure to exhaust would not be excused. The correctness of that ruling is not before us. Therefore, while we sympathize with the length of time appellant has been attempting to litigate his claims in federal court, we cannot ignore the facts: appellant presented a mixed petition; the district court determined that appellant's unexhausted claims should be dismissed; and the Supreme Court explicitly held in *Rose*, 455 U.S. at 522, 102 S.Ct. at 1205, that a court cannot adjudicate the exhausted claims in a mixed petition unless the petitioner amends the petition to delete the unexhausted claims, which appellant chose not to do.

■ If appellant now wants to pursue his appellate delay claim without waiting to exhaust his other claims, he may do so by submitting a habeas petition to the district court that raises only the appellate delay claim. Of course, he risks dismissal of a subsequent petition raising the previously abandoned grounds as an abuse of the writ.

---

7. As we said earlier, because most claims for ineffective assistance of counsel cannot be pursued on direct appeal, if a habeas petitioner files a petition in federal court that seeks relief from delay in adjudicating his direct criminal appeal, he need not include in that petition an ineffective assistance claim if such a claim could not prop-

erly have been raised in his direct appeal. If the petitioner files a subsequent petition raising the ineffective assistance claim once that claim is exhausted, that petition will not be abusive, because at the time he filed his first federal petition, he could not properly have raised the ineffective assistance claim in federal court.

The parties' respective petitions for rehearing are DENIED on the merits. Appellant's petition having been denied on the merits by the panel to which the case was submitted, the suggestion for rehearing in banc was transmitted to all the active judges of the court in regular active service in accordance with Rule 35(b) of the Federal Rules of Appellate Procedure.[8] No member of the hearing panel and no judge in regular active service on the court having requested that the court be polled on rehearing in banc, *see* Fed.R.App.P. 35, the suggestion for rehearing in banc is DENIED.

8. Chief Judge Seymour is recused.