Douglas E. CAPPS, Petitioner–Appellant,

v.

Jack COWLEY; Attorney General of the State of Oklahoma, Respondents–Appellees.

Ronnie Dwight DIAL, Petitioner–Appellant,

v.

R. Michael CODY; Attorney General of the State of Oklahoma, Respondents–Appellees.

Fred Dean KNISLEY, Petitioner–Appellant,

v.

John E. BAILEY, Administrator, Respondent–Appellee.

Nos. 94–6383, 94–6404 and 94–6435.

United States Court of Appeals, Tenth Circuit.

Aug. 21, 1995.

---

Drew Neville and Brinda K. White of Linn & Neville, Oklahoma City, OK, for petitioners-appellants.

W.A. Drew Edmondson, Atty. Gen. of Oklahoma, Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, OK, for respondents-appellees.

Before BRORBY, LOGAN, and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

These consolidated appeals present common issues urged following the district courts' dismissal of petitioners' habeas corpus petitions.[1] The underlying habeas cases were originally consolidated with others pursuant to this court's decision in *Harris v. Champion*, 938 F.2d 1062 (10th Cir.1991) (*Harris I*). The history of this consolidated action is set forth in some detail in *Harris v. Champion*, 15 F.3d 1538, 1548–54 (10th Cir. 1994) (*Harris II*). By the time *Harris II* was decided, the Oklahoma Court of Criminal Appeals had affirmed the convictions of all three petitioners in the instant appeals.[2]

After the remand occasioned by *Harris II*, the special three-judge district court panel, *see id.* at 1552, ordered petitioners to supplement their habeas petitions. Specifically, its June 16, 1994 order required petitioners to submit a copy of the Oklahoma Court of Criminal Appeals decision in their individual cases and address whether this court's deci-

sion in *Harris II* mooted their habeas claims. The order also stated that should petitioners wish to amend their habeas petitions to allege any federal claims they had presented on direct criminal appeal as permitted by *Harris II*, they should first consider seeking state post-conviction relief in light of the federal policy against piecemeal litigation and Rule 9(b) of the Rules Governing Section 2254 Cases. I R. tab 8 (No. 94–6383).

Each petitioner in these consolidated appeals filed additional supplements to his original habeas petition. Besides individual challenges to the district court's findings regarding prejudice resulting from the delays in determining their direct criminal appeals, petitioners argued not only that *Harris II* failed to moot their delay claims but that they should be allowed to amend their habeas petitions to assert both exhausted and unexhausted constitutional claims. In all three cases, the magistrate judge recommended dismissal of the petitions without prejudice. The district court adopted those recommendations and dismissed the petitions, denying as well petitioners' requests to amend their habeas petitions to add claims. Petitioners timely appealed.

## I

Only petitioner Knisley claims actual prejudice arising because of the delay in determining his direct criminal appeal.[3] In *Harris II*, we held that "any petitioner whose direct criminal appeal has now been decided and whose conviction has been affirmed is not entitled to habeas relief based solely on delay in adjudicating his or her appeal, unless the petitioner can show actual prejudice to the appeal, itself, arising from the delay." 15 F.3d at 1566. In the supplements to his

---

1. After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.

2. Petitioner Knisley was convicted on eight separate counts and sentenced to a total of thirty-two years imprisonment. On appeal, his conviction on one count—unlawful use of a driver's license—was reversed and remanded; however,

the state represents that he will not be retried on this count. I R. tab 22 at 2 (No. 94–6435).

3. In the supplements to his original habeas petition, petitioner Capps alleged no facts that would demonstrate actual prejudice due to appellate delay. Brief of Appellant Douglas E. Capp at 6. Petitioner Dial argued prejudice to the district court, but on appeal does not challenge the district court's ruling that he had not shown any basis for federal habeas relief based solely on appellate delay. Brief of Appellant Ronnie Dwight Dial at 6.

original habeas petition, Knisley made more than one claim of prejudice resulting from delay. But the only one he asserts on appeal is that "about one hundred forty (140) pages of Petitioner's trial transcript were lost or deleted." Brief of Appellant Fred Dean Knisley at 6. The magistrate judge concluded this bare assertion did not evidence prejudice because Knisley had neither shown that the missing transcript pages were material nor that the pages could not be retrieved from other sources. The district court agreed that Knisley had failed to demonstrate actual prejudice.

■ On appeal, Knisley argues only that the district court erred in failing to hold an evidentiary hearing on his claim of prejudice. In both his opening and reply briefs he contends the district court erred in ruling that he had not shown actual prejudice but presents no argument or authority to support those conclusory statements. *See Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) (issue forfeited when litigant fails to support it with argument or legal authority). Therefore, we address only Knisley's claim that he was entitled to receive an evidentiary hearing. We review the district court's ruling on this point for abuse of discretion. *See United States v. Wagner,* 994 F.2d 1467, 1473 (10th Cir.1993).

Knisley maintains that he was entitled to an evidentiary hearing because he alleged facts which, if proven, would entitle him to relief. We disagree. Even if Knisley's single statement that trial transcript pages were lost is true, that, by itself, does not allege facts which would entitle him to relief. Knisley did not tie the missing pages to actual prejudice to his appeal. Additionally, because Knisley's conviction has been af-

firmed, he must demonstrate that but for the delay his appeal would have been decided differently. *See Harris II,* 15 F.3d at 1566. Although Knisley's complaints implicate a need to retrieve or recreate the missing transcript pages, he has not argued, much less demonstrated, the need for these pages either to decide his state court appeal or for later proceedings. "[I]f a petitioner's conviction has been affirmed by the time the petitioner's claims are heard in the federal habeas proceeding, the petitioner will not be able to show prejudice on retrial because the state appellate court has finally decided there will be no retrial." *Id.* at 1564. Accordingly, without allegations tying the missing transcript pages to actual prejudice in the outcome of his appeal, there is no support in Knisley's arguments for a ruling that the district court abused its discretion by failing to provide an evidentiary hearing on his claim of prejudice.

## II

The principal common substantive issue presented by these consolidated appeals— whether petitioners should have been permitted to amend their habeas petitions to include new constitutional claims not presented in their appeals in the state court system— has been answered by our opinion in *Harris v. Champion,* 48 F.3d 1127 (10th Cir.1995) (*Harris IV*).[4]

When these petitioners filed their federal habeas petitions their direct appeals had not been decided by the Oklahoma Court of Criminal Appeals.[5] If this situation had continued and the district court had found unconstitutional delay by the state in the adjudication process, the federal court would

---

**4.** *Harris IV* was an opinion on rehearing clarifying and elaborating on the rule stated in *Harris v. Champion,* 48 F.3d 1126 (10th Cir.1994) (*Harris III*), that a district court must either dismiss a habeas petition containing unexhausted claims or give the petitioner an opportunity to resubmit the petition raising only exhausted claims.

**5.** Indeed, petitioners' counsel—the Oklahoma Indigent Defense System—apparently had not even filed appellate briefs in the Oklahoma Court of Criminal Appeals at the time of petitioners' federal habeas filing, having told them there might be delays in the filing of several years. We stated

in *Harris IV* that to avoid later Rule 9b problems, petitioners would have to raise all their available federal claims in their federal habeas as well as in their state appeals. But if no briefs would have been filed in the state court, and the court would determine to decide the merits of petitioners' claims rather than issue a conditional writ, it no doubt would appoint counsel to help petitioners formulate their appellate claims of constitutional error. In that event, the fact they had not presented their claims to the state appellate court would be unimportant.

have had the option of excusing the failure to exhaust state court remedies and deciding the merits of petitioners' claims or sending the case back to the state court for prompt resolution of the state appeals through use of a conditional writ of habeas corpus. *Id.* at 1132.

The scenario just described did not occur here, of course. No doubt in part because of the delays in our deciding the series of *Harris* cases, by the time the district court reached the merits of the unconstitutional delay claim not only had petitioners' lawyers filed briefs in the state appeals but the Oklahoma Court of Criminal Appeals had affirmed the convictions of each of these petitioners.

█ Petitioners contend that they now should be permitted to amend their petitions to raise any constitutional claims they might have, whether or not they were presented to the state appellate court; that to compel them to go back to state court and exhaust constitutional claims their counsel had not asserted in their state appeals would only further compound the unconstitutional delay they have already suffered. But in *Harris IV* we stated as follows:

Delay by the state in adjudicating a petitioner's direct criminal appeal can be deemed responsible for the petitioner's failure to exhaust only those claims that he has raised in the direct state appeal. Therefore, if the petitioner raises claims in his federal habeas petition that he has not raised in state court, delay in adjudicating his state appeal cannot excuse his failure to exhaust such claims, and his petition will be a mixed one. Absent a determination by the federal court that the claims not raised in state court would now be procedurally barred, or that the interests of comity will be better served by hearing the merits of those claims, the petitioner will be faced with a choice of either having his entire petition dismissed as a mixed one, or abandoning those claims that he did not

raise in state court and pursuing only those for which exhaustion can be excused. If the petitioner chooses the latter course, he then risks that a future federal petition raising the previously abandoned claims will be dismissed as an abuse of the writ.

*Id.* at 1133 (citations and footnote omitted). Thus, we recognized that *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), controlled, and that unless unexhausted claims were abandoned the district court would have to dismiss the habeas petition.

### III

█ Here the district courts did not give petitioners the option of amending to assert only their exhausted claims; rather, they ordered the petitions dismissed without prejudice.[6] The courts' rationale is best stated in the order dismissing Capps' case.

Denying leave to amend will permit petitioner to have sufficient time to explore fully his potential habeas claims, exhaust his state remedies where necessary, and avoid any Rule 9 [Rules Governing Section 2254 Cases] problems. In addition it will permit court-appointed counsel to confine his duties to the representation of this petitioner and the other ninety-one (91) *Harris* petitioners in this district on the common issue raised in the consolidated *Harris* cases. Court-appointed counsel's representation of this petitioner on non-*Harris* type issues is not authorized under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B) and, permitting such court-appointed representation would not be fair either to the public, who must bear the expense of the representation, or to other non-*Harris* petitioners who must prosecute their actions on their own without the benefit of court-appointed counsel.

I R. tab 13 at 2 (No. 94–6383) (footnote omitted). This characterization of the limitation on appointed counsel's authorized duties paraphrases language of an order of the special three-judge district court panel that made the appointments.

---

**6.** The order dismissing petitioner Dial's habeas petition does not contain precise language that it was without prejudice, *see* I R. tab 25 (No. 94–6404), but does adopt the magistrate judge's findings and recommendations. Those findings and

recommendations state "this dismissal is without prejudice to petitioner's filing of a separate *pro se* action to pursue any other constitutional claims in accordance with 28 U.S.C. § 2254." *Id.* tab 22 at 1–2.

To the extent that petitioners' appeals challenge the order regarding the scope of counsel's representation, we agree with the district court that representation should be limited to the issues regarding appellate delay. Because the Oklahoma Court of Criminal Appeals has decided petitioners' direct criminal appeals, and we have upheld findings of no actual prejudice as a result of that delay, petitioners' habeas petitions have the status of any other post-conviction habeas petitions in the federal court system. Therefore petitioners have no right to appointed counsel. *See Clark v. Tansy,* 13 F.3d 1407, 1410 (10th Cir.1993). We will not excuse exhaustion of post-conviction remedies in state court; considering the reforms made by the State of Oklahoma after *Harris I,* we have no basis for believing that there will be unconstitutional delays in the adjudication of any currently unexhausted post-conviction claims petitioners may file in the state court system.

Because the three-judge district court order has made clear that the representation by the appointed counsel who have appeared for petitioners is to be limited to the common issues and not to the issues individual to the particular appeals, we hold that the district courts' dismissals without prejudice were proper. Petitioners can obtain decisions on the merits as soon by refiling their petitions as by amending existing petitions, if petitioners choose to pursue in federal court only claims they raised in their state court appeals. If they seek appointment of counsel to represent them on their nondelay habeas issues in federal court, however, that decision is one committed to the sound discretion of the district court. *McCarthy v. Weinberg,* 753 F.2d 836, 839 (10th Cir.1985).

AFFIRMED.