72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James R. TRIM, Petitioner-Appellant,
v.
R. Michael CODY, Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 95-6219.
 United States Court of Appeals, Tenth Circuit.
 Dec. 8, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.[2]
 KELLY, Circuit Judge.
 
 
 1
 Mr. Trim, an inmate appearing pro se, appeals from the denial of habeas corpus relief, 28 U.S.C. 2254. Upon recommendation of the magistrate judge, the district court denied relief and a certificate of probable cause, 28 U.S.C. 2253. On appeal, Mr. Trim advances numerous issues: (1) the trial court failed to protect his fundamental right to a fair trial by allowing a police detective witness to testify to the circumstances and results of a pre-trial photographic lineup; (2) his conviction was obtained in violation of due process and equal protection by the trial court allowing impermissible testimony regarding an unreliable pretrial photographic lineup; (3) the trial court failed to protect his right to a fair trial by allowing the prosecutor repeatedly to bolster the testimony of the two eyewitnesses; (4) the trial court committed fundamental error by failing to curtail the prosecutor's opening remarks to the jury which were totally unsupported by competent evidence; (5) the trial court committed fundamental error in failing to admonish the jury, sua sponte, to disregard the prosecutor's blatant appeals to the fears of the jury by inviting the jury to speculate on how close robbery is to murder; (6) prosecutorial misconduct deprived him of a fair trial and prosecutorial misconduct accumulated errors [sic] so infected his trial, as to constitute prejudicial error; (7) he was deprived of effective assistance of appellate counsel on direct appeal; (8) the trial court abused its discretion by ordering the sentences to run consecutively; (9) he was deprived of effective assistance of trial counsel; and (10) there was insufficient evidence to convict him of robbery with a firearm. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 Background
 
 2
 Mr. Trim was convicted on two counts of robbery with a firearm after former conviction of a felony. Okla. Stat. Ann. tit. 21, 801 (West 1983). The conviction was affirmed on appeal. Trim v. State, 808 P.2d 697 (Okla.Crim.App.1991). He sought state postconviction relief, and the state district court denied his claims on the merits. I R. doc. 9 ex. B. The Oklahoma Court of Criminal Appeals affirmed on the grounds that "all issues previously ruled upon by this Court are res judicata, and all issues not raised in the direct appeal, which could have been raised, are waived." I R. doc. 5 ex. C. Plainly invoking state procedural bar, the state appellate court relied upon Okla. Stat. Ann. tit. 22, 1086 (West 1986). See Coleman v. Thompson, 501 U.S. 722, 740 (1991); Gilbert v. Scott, 941 F.2d 1065, 1067 (10th Cir.1991).
 
 
 3
 Mr. Trim raised issues (1), (3), (4) and (5) on direct appeal. He raised issues (7), (8), (9) and (10) in his state postconviction proceeding. I R. doc. 9 ex. B p 4 (Findings of Fact Section). In his federal habeas petition, he raised four issues: (7) (ineffective assistance of counsel on direct appeal); (10) (insufficiency of evidence); (2) (impermissible testimony about an unreliable photo lineup); and (6) (a combination of issues (4) and (5) on a cumulative error theory concerning the prosecutor's opening statement). The state conceded exhaustion, I R. doc. 9, p 7, and raised the defense of procedural bar regarding all issues raised in the petition, save issue (7). Id. at 3. We do not consider issues (1), (3), (8) and (9) as these issues were not raised in Mr. Trim's federal habeas petition.
 
 Discussion
 
 4
 Turning to those issues raised in Mr. Trim's federal habeas petition, issues (7) and (10) pertain to the sufficiency of the evidence. The magistrate judge determined that a collateral attack based on the sufficiency of the evidence was procedurally barred. I R. doc. 13 at 5; Coleman, 501 U.S. at 750. As for issue (7), ineffective assistance of counsel on direct appeal for failure to raise sufficiency of the evidence, the magistrate judge reached the merits of the claim after determining that Oklahoma's procedural bar was not consistently applied and therefore did not constitute an adequate state ground for denying review. I R. doc. 13 at 6. Under Jackson v. Virginia, 443 U.S. 307 (1979), evidence would be insufficient on federal due process grounds only if "upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt." Id. at 324. The ineffective assistance of counsel claim is meritless; given the unequivocal in-court identifications of Mr. Trim by two eyewitnesses, Trim v. State, 808 P.2d at 698-99, he cannot prevail on the performance or prejudice elements of such a claim. See Strickland v. Washington, 466 U.S. 668, 690 (1984); Brecheen v. Reynolds, 41 F.3d 1343, 1348 n. 1 (10th Cir.1994) (under 28 U.S.C. 2254(d), state court factual findings presumed correct), cert. denied, 115 S.Ct. 2564 (1995). Having said that, Mr. Trim's sufficiency of the evidence claim also would fail, were it not procedurally barred.
 
 
 5
 As for issue (2), impermissible testimony concerning an unreliable photographic lineup, the magistrate judge determined that this partially unexhausted claim would be procedurally barred. I R. doc. 13 at 9-10. To the extent that Mr. Trim seeks relief based on impermissible testimony under state decisional law he has exhausted his state remedies, however, our habeas jurisdiction does not extend to errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Given the materials we have on appeal, we agree that the Oklahoma courts would consider the "unreliable photographic lineup" portion of the claim procedurally barred because the lineup was the subject of a motion to suppress at the trial,[3] and not raised on direct appeal. See Okla. Stat. Ann. tit. 22, 1086; Hale v. State, 807 P.2d 264, 267-68 (Okla.Crim.App.), cert. denied, 502 U.S. 902 (1991). Although this portion of the claim appears to be unexhausted, we may decide it to be procedurally defaulted if it is apparent that it would be procedurally barred in the state courts. Coleman, 501 U.S. at 735 n.*.; Harris v. Champion, 48 F.3d 1127, 1131 n. 3 (10th Cir.1995). Mr. Trim had not shown cause for the procedural default, or a fundamental miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 488 (1986).
 
 
 6
 Finally as to issue (6), Mr. Trim contends that the prosecutor's reference in opening statement to an anonymous tip received by police and the seriousness of the crime denied him a fair trial. See I Tr. 28-32 (opening statement). Mr. Trim has exhausted this claim. Trim v. State, 808 P.2d at 698, 700. Nothing in the record indicates that these remarks made the trial fundamentally unfair so as to result in the deprivation of due process. See Donnelly v. DeChristoforo, 416 U.S. 637, 645 (1974).
 
 
 7
 AFFIRMED. We GRANT Petitioner's Application for a Certificate of Probable Cause. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 After testimony concerning the photographic lineup, the assistant public defender stated:
 MR. RUFFIN: Judge, I'd state to the Court that these are six individuals who are all white males and we don't believe they are similar enough in appearance. There's a blue eyed individual or two blue eyed individuals here. Four appears to be brown eyed individuals and maybe--yeah, looks like four brown eyed individuals and they're not close enough in appearance to number two that's been identified as Mr. Trim and we would move to suppress the photo line up.
 THE COURT: Motion is overruled.
 I Tr. 11-12.