83 F.3d 433
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ricky Lee STRICKLAND, Petitioner-Appellant,
v.
James OWENS, Warden, Respondent-Appellee.
 No. 95-6106.
(D.C.No. CIV-92-197-A)
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the district court's dismissal of his habeas petition without prejudice on the ground that it was a mixed petition, containing both exhausted and unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982). We exercise jurisdiction pursuant to 28 U.S.C. 1291 and affirm.
 
 
 3
 Petitioner instituted this action pursuant to 28 U.S.C. 2254 to challenge his convictions in Oklahoma state court. He alleged, among other things, that his direct criminal appeal had yet to be adjudicated and that the delay effectively denied him the right to an appeal. The district court initially dismissed the petition for failure to exhaust. In light of our opinion in Harris v. Champion, 15 F.3d 1538, 1556 (10th Cir.1994)(Harris II ), however, the court subsequently concluded that exhaustion should be excused. Therefore, the court modified its dismissal order by giving petitioner an opportunity to file "an amended habeas petition raising his federal claims only and requesting excusal of exhaustion due to the delay in the disposition of his appeal." II R. doc. 42 at 3. The court advised petitioner to "include all federal constitutional claims arising from both his trial and appeal" in any amended petition, and cautioned him that the failure to do so "could result in dismissal of a subsequent habeas petition pursuant to Rule 9(b)" of the Rules Governing Section 2254 Actions. Id.
 
 
 4
 Petitioner filed an amended petition raising twelve grounds for relief. Only three of the grounds had been presented to the Oklahoma Court of Criminal Appeals in petitioner's direct appeal. The Oklahoma court subsequently affirmed petitioner's convictions. After the parties submitted briefs to the court about the effect of this affirmance on petitioner's claims, the magistrate judge recommended that the amended petition be dismissed as a mixed one.
 
 
 5
 The magistrate judge concluded that only the three claims actually raised in petitioner's direct appeal were properly exhausted and that the district court's order permitting amendment of the petition did not provide petitioner "a carte blanche bypass of the state system for grounds never attempted to be raised there." Id. doc. 61 at 4. The magistrate judge further concluded that petitioner's unexhausted claims were not obviously subject to procedural bar and, therefore, should be brought in the state court in the first instance. Over objection from petitioner, the district court adopted the magistrate's report and recommendation and dismissed the petition without prejudice.
 
 
 6
 On appeal, petitioner argues that the district court erred in several respects. First, he contends that the district court should not have dismissed his petition after excusing exhaustion. In support of this contention, petitioner asserts that, at the time the district court allowed him to amend his petition and advised him to include all his federal claims in the amended petition, the court knew that petitioner sought to include in his federal petition some claims that he had not raised to the Oklahoma Court of Criminal Appeals on direct appeal. Therefore, petitioner maintains, the district court's order excusing exhaustion extended to all of petitioner's federal claims. Petitioner also disputes the district court's conclusion that state remedies may still be available for his unexhausted claims.
 
 
 7
 Next, petitioner contends that his direct appeal did not receive adequate review by the Oklahoma Court of Criminal Appeals, and that the district court failed to address this independent ground for relief. Finally, petitioner argues that the district court should have appointed counsel to represent him and should have conducted an evidentiary hearing on the merits of all twelve of his claims.
 
 
 8
 Petitioner's first argument is foreclosed by our opinion in Harris v. Champion, 48 F.3d 1127 (10th Cir.1995)(Harris IV ). The district court properly determined that inordinate delay in adjudicating petitioner's direct criminal appeal could not excuse exhaustion of the claims petitioner did not raise in that appeal. See id. at 1133. The district court's earlier statements about the necessity of raising all federal claims in a single petition related solely to Rule 9 concerns, and did not expand the scope of claims for which exhaustion could be excused based on state court delay.
 
 
 9
 Further, the district court did not err in concluding that petitioner may still be able to seek redress for his unexhausted claims in state court. Petitioner's objection to the district court's conclusion appears to be based, in large part, on petitioner's mistaken belief that, if the district court were to conclude that he could no longer present his unexhausted claims to the state court, the district court could then hear those claims on the merits. To the contrary, if the district court were to deem the claims procedurally barred, it could not hear them on the merits "absent a showing of either cause and prejudice or a fundamental miscarriage of justice." Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir.1994), cert. denied, 115 S.Ct. 2564 (1995).
 
 
 10
 We reject petitioner's argument concerning the adequacy of review by the Oklahoma Court of Criminal Appeals, for two reasons. First, we have previously upheld the use of summary opinions in unpublished cases by the Oklahoma Court of Criminal Appeals. King v. Champion, 55 F.3d 522, 526 (10th Cir.1995). Second, petitioner's contention that the Oklahoma court's issuance of a summary opinion shows that it abdicated all responsibility for reviewing his federal claims once the district court excused exhaustion of those claims is without any factual support and is purely speculative.
 
 
 11
 Because petitioner's amended petition presented both exhausted and unexhausted claims, it was subject to dismissal as a mixed petition. Harris IV, 48 F.3d at 1133. Under the circumstances, neither the appointment of counsel for petitioner nor the holding of an evidentiary hearing on the merits of petitioner's claims was warranted.
 
 
 12
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 13
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3