F I L E D
United States Court of Appeals
Tenth Circuit

DEC 23 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL J. FRISCHENMEYER,

    Petitioner - Appellant,

v.

NOLA FOULSTON and ATTORNEY
GENERAL OF KANSAS,

    Respondents - Appellees.

No. 98-3174

(D.C. No. 98-CV-3081)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

    After examining Plaintiff-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    Petitioner, a prisoner in Texas, proceeds pro se and *in forma pauperis* to appeal the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petition. The petition arose out of Petitioner's challenge to a Kansas detainer lodged against him by Kansas authorities in 1995. Petitioner claimed that his due process rights were violated because a Kansas state court denied his motion for a speedy trial and his motion for reconsideration. The district court determined that Petitioner's failure to perfect a direct appeal from the state court decision[1] "was a procedural default that [could not] be challenged under federal habeas review" unless Petitioner showed cause and prejudice or "that a fundamental miscarriage of justice [would] result if [his] claims [were] not considered." R., Doc. 3 at 1-2 (Order filed Mar. 17, 1998). Because Petitioner alleged that he had no access to a Kansas attorney or to Kansas legal materials, the district court determined that he should be afforded an opportunity to demonstrate cause by showing that his lack of knowledge was the result of "a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law." Id. at 2 (citing Dulin

_____

[1]It is unclear from the record whether Petitioner ever filed a notice of appeal from the state court decision denying his motion for a speedy trial and his motion for reconsideration. In its Order filed March 17, 1998, the district court stated that Petitioner "indicates that he filed no appeal" and that the time for filing such an appeal has expired. R., Doc. 3 at 1. However, the same court stated on April 24, 1998, that it was "unclear whether petitioner's letter stating his intent to appeal, sent to the Clerk of the Kansas Appellate Courts and apparently forwarded to the clerk of the state district court, has been liberally treated as Petitioner's notice of appeal," and that he "file[d] a timely notice of appeal in the state district court." Id., Doc. 6 at 2. Despite this ambiguity about whether Petitioner filed an appeal in state court, the record clearly indicates that he failed to perfect that appeal.

v. Cook, 957 F.2d 758, 760 (10th Cir. 1992)). The court also invited Petitioner to identify the prejudice sustained from his procedural default. See id. at 2 (citing Watson v. New Mexico, 45 F.3d 385, 388 (10th Cir. 1995)). In short, the district court ordered Petitioner to show cause why the petition should not be dismissed for procedural default in the state courts.

After reviewing Petitioner's response, the district court determined that the section 2254 petition should be dismissed. The court stated that because the detainer challenged by Petitioner was based on an *unexecuted* probation violation warrant, it did not require a revocation hearing. Cf. Sinclair v. Henman, 986 F.2d 407, 410 (10th Cir.) (indicating that a parole revocation hearing is not required unless parole violator warrant is validly executed), cert. denied, 510 U.S. 842 (1993). The court also rejected Petitioner's attempt to show cause and prejudice with respect to his procedural default, noting that he "is clearly able to present himself to the courts, . . . his letters reflect a sufficient knowledge of the judicial system," and he "sought and obtained sufficient knowledge of Kansas appellate rules to file a timely notice of appeal in the state district court." R., Doc. 6 at 2 (Order filed Apr. 24, 1998). Consequently, the district court dismissed Petitioner's habeas corpus petition without prejudice for failure to exhaust his state remedies. The court also denied Petitioner's motion for reconsideration or relief from judgment and denied him a certificate of appealability. Petitioner

renews his application for a certificate of appealability to this court to appeal the district court's dismissal without prejudice of his habeas corpus petition.

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner argues on appeal that the district court should have appointed him counsel for his habeas corpus petition "to help [him] or at least provide [him] with Kansas legal materials." Appellant's Br. at 3. He also states that his "fast [and] speedy trial rights to a hearing" were denied because he had no lawyer and no Kansas legal materials. Appellant's Application for Certificate of Appealability at 2. However, Petitioner acknowledges that the district court did not apply the wrong law, and, as grounds for relief, he states only that he did "not have access to Kansas or Pacific Reporter legal material." Id. at 3. He requests this court to appoint him legal counsel, provide him with Kansas legal materials, order a revocation hearing or a probation violation hearing, or dismiss the warrant and detainer for violations of the Speedy Trial Act.

To determine whether Petitioner has demonstrated cause and prejudice for his procedural default, we must examine his arguments concerning appointment of counsel and the right to counsel. Petitioner seems to argue that cause and prejudice are established by the Kansas state court's failure to appoint him counsel so that he could properly appeal that court's denial of his motion for a

speedy trial.  This argument is without merit for two reasons.  First, Petitioner's response to the show cause order of the district court indicates that he was represented by retained legal counsel from June 1992 through June 1997.[2]  His motion for a speedy trial and motion for reconsideration were filed during this time period.  Second, the constitutional right to appointed counsel only attaches in prosecutions where an indigent litigant is actually deprived of his liberty.  See Scott v. Illinois, 440 U.S. 367, 373 (1979) (adopting actual imprisonment as "the line defining the constitutional right to appointment of counsel"); accord Elliott v. City of Wheat Ridge, 49 F.3d 1458, 1459 (10th Cir. 1995).  In this case, it is not clear from the record that Petitioner was indigent at the time he filed his motions for a speedy trial and reconsideration.  Moreover, his freedom was not at risk because the warrant had not been executed and, therefore, there was no possibility of imprisonment on the detainer.  See Lassiter v. Department of Soc. Servs., 452 U.S. 18, 25 (1981) (affirming general principle that an indigent's right to appointed counsel exists "only where the litigant may lose his physical liberty if he loses the litigation").  That Petitioner is incarcerated in Texas for other

---

[2]Although Petitioner vaguely claims in his response to the district court's show cause order that his retained counsel's representation violated his Sixth Amendment right to effective assistance of counsel, he does not make or even sufficiently support such a claim in this appeal.  We therefore will not consider it as a ground for a certificate of appealability.  See O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990).

offenses has no bearing on the right-to-counsel analysis for the unexecuted Kansas detainer. Therefore, no constitutional right to counsel attached when Petitioner moved for a speedy trial and for reconsideration.

Petitioner also argues that the district court's failure to appoint counsel in his habeas corpus proceeding constitutes cause and prejudice for the default in state court. However, "[a] habeas petitioner is not entitled to appointed counsel as an absolute right." Plaskett v. Page, 439 F.2d 770, 771 (10th Cir. 1971); cf. Johnson v. Avery, 393 U.S. 483, 488 (1969) (noting that courts have no general obligation to appoint counsel for prisoners seeking post-conviction relief). Moreover, nothing in the record indicates that Petitioner actually moved the district court for the appointment of counsel. See McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985) (stating that burden is on applicant to convince court that there is sufficient merit to his claim to warrant the appointment of counsel). Thus, we cannot say that the court abused its discretion in not appointing counsel for the section 2254 habeas proceeding. See Capps v. Cowley, 63 F.3d 982, 986 (10th Cir. 1995) (noting that decision to appoint counsel on habeas issues in federal court is committed to sound discretion of district court); McCarthy, 735 F.2d at 839 (same). The failure of the district court to appoint a lawyer to represent Petitioner in his section 2254 habeas corpus petition does not constitute grounds for relief in this case.

For these reasons,[3] and for substantially the same reasons set forth by the district court in its Orders filed April 24 and May 27, 1998, we agree with the district court that Petitioner has failed to establish either cause or prejudice for his procedural default or that a fundamental miscarriage of justice will occur if his claims are not heard. We therefore conclude that Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, we DENY Petitioner's application for a certificate of appealability and DISMISS this appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[3]We also note that we agree with the district court's assessment that Petitioner has not demonstrated any prejudice resulting from his noncompliance with Kansas rules requiring typewritten or computer printed filings.