**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES WILLIAM FLETCHER,
III-EL,

     Petitioner-Appellant,

v.

GARY GOLDER, Warden; JOHN W.
SUTHERS, Attorney General of the
State of Colorado,

     Respondents-Appellees.

No. 05-1349
(D.C. No. 04-CV-2320)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

Petitioner Charles Fletcher, appearing pro se, appeals the district court's

dismissal of his federal habeas corpus application under 28 U.S.C. § 2254 for

failure to exhaust state court remedies. Because petitioner's direct appeal in state

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court has yet to be adjudicated, we AFFIRM the district court's application of the exhaustion requirement to bar his federal petition.

Petitioner was convicted in Colorado in 2001 of numerous crimes, including kidnaping, assault, aggravated robbery, and attempted second-degree murder. As a habitual felon, he was sentenced to 320 years' imprisonment. He filed a direct appeal with the Colorado Court of Appeals in February 2003. While that appeal was pending (and, indeed, it is still pending), petitioner filed his pro se § 2254 habeas application. In it, petitioner raised three constitutional challenges to his state court conviction, as well as a due process claim that the state's appellate process was ineffective and, therefore, excused the requirement that he exhaust state remedies.

In general, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). State claims remain unexhausted if state proceedings remain pending at the time the petition is filed.

Nonetheless, we have held that unjustified delay by a state court in adjudicating a direct criminal appeal may give rise to both a due process violation and relief from the exhaustion requirement itself. *Harris v. Champion*, 15 F.3d 1538, 1555, 1557 (10th Cir. 1994) (holding that "inexcusable or inordinate delay by the state in processing claims for relief may make the state process ineffective to protect the petitioner's rights and excuse exhaustion") (quotation omitted); *see also* 28 U.S.C. § 2254(b)(1)(B)(ii) (permitting grant of § 2254 application when state process would be ineffective to protect applicant's rights). A delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay." *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995).

Because petitioner's direct appeal remains pending in state court, the district court dismissed his § 2254 habeas application without prejudice for failure to exhaust state court remedies. In so doing, the district court did not address the merits of petitioner's claim that his due process rights had been violated due to the inordinate delay in the resolution of his direct criminal appeal or his argument that the exhaustion requirement should be excused. We granted petitioner a certificate of appealability under 28 U.S.C. § 2253(c) on the issues of

"[w]hether [p]etitioner should be excused from exhausting his state remedies because of inexcusable or inordinate delay by the state of Colorado in adjudicating his direct appeal," and whether "[p]etitioner has raised an independent due process claim arising from Colorado's delay in adjudicating his direct criminal appeal." Order filed Feb. 8, 2006 at 1, 2.

On appeal, petitioner asserts the same due process and waiver-of-exhaustion arguments raised in his habeas petition. We review de novo the district court's legal basis for dismissing Mr. Fletcher's petition. *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). It is clear that the delay in adjudicating petitioner's state direct appeal has extended beyond two years from the filing of his notice of appeal. Thus, there is a presumption of ineffective appellate process in this case. Nonetheless, we have examined the status of Mr. Fletcher's state appeal, and we conclude that the presumption has been rebutted. The appellate process was not ineffective because petitioner, through his counsel, "affirmatively sought or caused the delay," *Harris*, 15 F.3d at 1547, and the delay was not unjustified under the facts and circumstances of this case, *id*. at 1556 (noting that "in particular cases, the [s]tate may show that a delay of more than two years is justified, and therefore, [that] good cause exists for not excusing exhaustion."). The record and state court docket sheet indicate Mr. Fletcher's court-appointed public defender requested various extensions of time, delaying the appeal, in order to obtain missing trial transcripts and records he

considered necessary for the appeal, to substitute new counsel, and to file the appellate briefs.

Specifically, Mr. Fletcher's counsel requested and obtained numerous extensions of time in 2003 to complete the record on appeal. In May 2004, counsel filed a sixteen-volume, nine-envelope record with the Colorado Court of Appeals. The opening brief was originally due to be filed in June 2004, but counsel requested and received an extension of time. Then, in August 2004, counsel requested and obtained a stay of the briefing schedule because he had determined that a small portion of the designated trial transcripts and many of the designated exhibits had not, in fact, been transmitted to the state appellate court. A supplemental record of three trial transcripts was filed in October 2004.

Mr. Fletcher's counsel later determined, however, that the missing trial exhibits were still missing from the record on appeal, and were believed to be lodged with the trial record of Mr. Fletcher's co-defendant. Counsel then requested a limited remand to settle or correct the trial record. (A week later, petitioner filed his pro se § 2254 application.) The Colorado Court of Appeals granted the requested extension, but ordered counsel to file regular status reports. In March 2005, the state court ordered Mr. Fletcher's counsel to file a motion in the co-defendant's case to transfer the missing exhibits to Mr. Fletcher's case. The supplemental record was then filed in July 2005. Mr. Fletcher's counsel then requested and received permission to withdraw due to a conflict of interest, and

his new counsel requested and received numerous extensions of time to file the opening brief.

In January 2006, the Colorado Court of Appeals ruled that no further extensions of time would be allowed, and Mr. Fletcher's opening brief was filed in February 2006. With one extension of time, the state filed its answer brief in April 2006, and Mr. Fletcher's counsel requested and received an extension of time to reply by May 22, 2006.

It is clear that the Colorado Court of Appeals has not abandoned Mr. Fletcher's appeal, as evidenced by its orders granting Mr. Fletcher's multiple requests for extensions of time in order to obtain the records he considered necessary to his appeal; requiring status reports because of its concern about the length of time needed to complete the record; ordering counsel to take action to obtain the transfer of the needed exhibits from the co-defendant's file; and ultimately disallowing additional extensions of time to file the opening brief in order to expedite the appeal. Notably, the state appellate court's docket sheet indicates that the appeal has been tracked for expedited consideration. Mr. Fletcher's direct appeal is still actively pending. The state has demonstrated that the delay is not unjustified and that it would be beneficial to allow the state appeal process to be completed. Thus, we conclude that Mr. Fletcher has not demonstrated that he should be excused from the exhaustion requirement or that his due process rights have been violated.

The judgment of the district court is AFFIRMED. Appellant's motion to proceed in forma pauperis is granted.

Entered for the Court

John C. Porfilio
Circuit Judge